[S. F. No. 2872.   Department One.—January 8, 1904.]

## G. S. COHEN, Respondent, v. ROSE COHEN, Appellant.

CONTRACT FOR ANNUITY—CONSTRUCTION.—A contract whereby a son agreed to pay to his father a monthly sum during the period of the life of the father, and further to pay said sum to his sisters Rose and Esther, "or to their order, during the period they remain single or unmarried, and said payment is to cease as soon as both are married, but the payment as aforesaid is only to be made to said Rose and Esther in case the said Rose and Esther are unmarried after the death" of the father, should be construed as requiring the payment to be made to a sister who was unmarried at the father's death, so long as she continued unmarried, although the other sister, prior to the death of the father, became and ever since has been a married woman.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, for Appellant.

Otto tum Suden, for Respondent.

ANGELLOTTI, J.—This action was brought for the purpose of determining an adverse claim made by defendant against plaintiff, based upon a written contract executed by plaintiff to his father, William Cohen.   Judgment was given in favor of plaintiff, decreeing that plaintiff is not bound under said contract to pay to defendant any sum of money whatever, and enjoining defendant from making any claims

against plaintiff under said contract.    Defendant appeals from said judgment, on the judgment-roll.

The findings of the court, upon which the judgment is based, show the following facts: The contract involved was entered into between plaintiff and his father on May 22, 1883, the consideration for the promise of plaintiff therein contained being the transfer to him by his father of a lot of personal property, stock, and the good-will of a business carried on by the father.

In consideration of such transfer, plaintiff agreed to pay to his father, the sum of twenty-five dollars on the first day of each and every month thereafter, during the period of the natural life of the father, and further "to pay said sum of twenty-five dollars, as aforesaid, to his sisters Rose and Esther Cohen, or to their order during the period they remain single or unmarried, and said payment is to cease as soon as both are married, but the payment as aforesaid is only to be made to said Rose and Esther Cohen in case the said Rose and Esther Cohen are unmarried after the death or decease of said party of the second part." The father was the party of the second part. The defendant is the Rose Cohen mentioned in said agreement. Plaintiff made the payments stipulated to his father until the twenty-first day of September, 1899, when said father died, leaving him surviving the defendant, and also the said Esther Cohen. Prior to the death of her father said Esther Cohen became, and ever since has been, a married woman. The defendant, Rose Cohen, has never been a married woman. Esther Cohen makes no claim under said contract.

Certain allegations of the complaint as to a subsequent agreement for the cancellation and destruction of the agreement and as to a marriage of defendant are found to be untrue, and the judgment of the court in favor of plaintiff is entirely based upon the theory that, under the terms of the contract, the marriage of one of the sisters prior to the death of the father, terminated all liability of plaintiff thereunder, so far as the sisters are concerned. The material facts are fully found by the court, and the only question presented by this appeal is as to the proper construction of the written agreement in this respect.

While the agreement is not as clearly and concisely expressed in this behalf as it might have been, we are of the opinion that it sufficiently shows that it was the mutual intention of the parties thereto that the monthly payment of twenty-five dollars was to be continued after the death of the father, in the event that either of his two daughters was then unmarried, for the benefit of such unmarried daughter, and was to cease only when both had married. Taking the whole contract together in such a manner as to give effect to every part, such appears to be the only reasonable construction. The construction contended for by respondent is unreasonable in this, that while under such construction no payment is to be made to the unmarried sister if the other sister married prior to the death of the father, on the other hand, if neither sister married prior to such death, the payments to the sisters must commence at such death, and continue, despite the subsequent marriage of one, until *both* are married, for there can be no doubt, under the wording of the contract, unless the provision as to the time of cessation of payments be entirely disregarded, that once having commenced, they shall cease only when "both are married."

It is impossible to conceive of any object for such a distinction. It is likewise difficult to understand why the parties should agree that the unmarried sister should be deprived of the benefit of a payment intended for her support while she remained unmarried, simply because her sister, for whose support while unmarried it was also intended, became a married woman.

The provisions for the payment to the sisters were undoubtedly inserted with a well-understood object. The father was contracting for the benefit of his daughters, providing partially for their support after his death, so long as they did not, through marriage, acquire other means of support. This is clearly shown by the contract. The taking away of this support from one, because of the marriage of the other, is plainly inconsistent with this object. It further clearly appears, we think, that neither sister was to be a beneficiary under said contract after her marriage.

The contract between the parties was simply this, viz.: The son, in consideration of the transfer to him of his father's

property, assumed the obligation to support, to a specified extent, his father while he lived, and, after his father's death, his unmarried sisters, if any there then were, until they became married, when, according to the understanding of father and son, they would not need further aid. The amount stipulated was to be paid by the son, after his father's death, if the sisters survived, unless in the mean time both sisters had married, and no portion thereof was at any time to be paid to any married sister. So long as an unmarried sister remained, just so long must the payment to her continue.

This construction gives effect to every part of the contract, and effectuates what the contract clearly indicates was the mutual intention of the parties executing it. The last clause quoted above from the contract, to the effect that the payment is only to be made to the sisters "in case *they . . . are unmarried* after the death" of the father, and upon which respondent so strongly relies, is substantially the same in all material respects as the first clause quoted, where he agreed to pay the money "to his sisters . . . during the period *they remain . . . unmarried,*" which is followed by the provision that "said payment is to cease as soon as *both* are married." This provision indicates most clearly that the parties did not intend that the marriage of one should cut off the other. The pronouns and conjunctions are the same in the last as in the first clause, and must be presumed to have been used to express the same meaning in both places. The time of cessation of the payments is clearly and definitely stated, in terms that cannot be misunderstood,—viz., "as soon as *both* are married,"—and the final clause was apparently inserted to make certain the proposition that no payment was to be made after the death of the father, in the event that both are married before such death.

Plaintiff was not entitled to any relief by this action.

Defendant, by cross-complaint, sought judgment for certain installments alleged to be due her under the contract, but the finding of the court in regard thereto being to the effect that there is not unpaid any sum of money thereon, precludes this court from directing that judgment be entered on said cross-complaint in favor of defendant.

The judgment is reversed and the cause remanded, with di-

rections to the court below to enter judgment to the effect that plaintiff take nothing by this action, and that defendant recover her costs.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.